

RECEIVED

U.S. District Court
Northern District of Illinois
Eastern Division

NOV 03 2017

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

William T. Sherrod Jr
        Plaintiff

    v

Dorothy Brown
        Defendant

Case No.

**1:17-cv-07985
Judge Charles R. Norgle, Sr
Magistrate Judge Jeffrey Cole**

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

**I. Introduction** (Include a brief summary of what you are asking the Court to do in this ex parte application and why. Be sure to tell the Court why this request is urgent and cannot be dealt with in a regularly noticed motion.)

### <u>Complaint</u>

1. This action is brought pursuant to, Article 3 of the U.S. Constitution, Fed.R.Civ.P 60 (b)(4) and (6), 42 U.S.C : 1983, and otherwise pursuant to law, to redress the deprivation of Plaintiff's rights under the United States & Illinois Constitutions.

2. Defendant "Def." violated, denied & deprived Plf's 14th U.S. Amendment rights.

3. As a further result of the Def.'s actions, Plf, suffered & continues to suffer injuries & permanent injuries.

### <u>Jurisdiction & Venue</u>

4. This Court has Original & Federal Question Jurisdiction under 28 U.S.C : 1331, 1343. This Court has Supplemental Jurisdiction under 28 U.S.C : 1367. This Court has Multi-Litigation Jurisdiction under 28 U.S.C :1407.

5. Venue is proper in the Northern District of Illinois-Eastern Division under 28 U.S.C. :1391. The acts complained of occurred in the State of Illinois, in the County of Cook, in the City of Chicago. Plf, was a citizen of the United States, a resident of the State of Illinois, in the County of Cook, in the City of Chicago.

## Parties

6. Petitioner/Plaintiff, Mr. William T. Sherrod Jr, pro se, "Ptnr,"currently resides in Kenosha, WI, though the injuries he suffered and continues to suffer from originate and is sustained in Chicago, IL, Cook County, by the Defendant.

7. Respondent/Defendant, The Honorable, Dorothy Brown, "Def.DB" is the Clerk of the Circuit Court of Cook County. She maintain the judgments of the Cook County Circuit Court-Criminal Division. She knowingly or unknowingly maintains the void judgment in question in this Court, which is the origin of Plf's injuries and permanent injuries.

## Statement of Facts

8. Ptnr, was sentenced on June 5th, 2007, his birthday, by the state-court judgment in question. ***see Exhibit A in general***

9. The state court judgment of conviction entered against the Plf, is void, due to there being no evidence to support state court judgment "judgment." ***see Ex A in general especially page number 6 lines 1-24 and page number 7 lines 1-24***

10. Def., knowingly or unknowingly maintains the void judgment. see Ex's A & B

11.) Plf, believes that the sole evidence the Court needs to review and enter it's judgment is Exhibit A, due to Exhibit A reflecting the state court judgment in it's entirety. ***see Ex  A in general especially pages 6 -10***

12.) Plf, request for the Court to vacate void state court judgment.

## Count 1
### (Plaintiff-14th U.S. Amendment-42 U.S.C : 1983)

1-12. Plf, restates, realleges & incorporates By reference paragraph's 1-13 of this Complaint at Law, as
& for paragraph's 1-12 of this **Count 1**.


15. Def. DB , while acting under the color of law & within the scope of her employment, deprived & violated Plf's 14th U.S. Amendment right free from tarnishment of his good name, by maintains a void judgment against him, this void judgment is the approximate cause of injuries and permanent injuries.

## II. Factual and Procedural History
(Include a brief statement of the factual and procedural history of this case as relevant to this ex parte application.)

The Plaintiff, Mr. William T. Sherrod Jr, "Plf," attaches to this factual and procedural history of the action before the Court Exhibit's A & B, which reflect the factual and procedural history of his ex parte application/42 U.S.C :1983. Exhibit A, reflects the original proceedings of the state court judgment and Exhibit B, reflects the gist of Plf's, post-conviction efforts brought in the state court's. ***see Exhibit's A & B in general***

### III. Argument

(*Explain the legal basis for the ruling you are asking the Court to make, with citations to relevant law, such as the Federal Rules of Civil Procedure, statutes, case law, and local rules, where applicable. The argument should show the Court how these legal authorities, when applied to the facts of your case, indicate that the Court should rule in your favor.*)

The state court judgment entered against the Plf, is a void judgment "void judgment." *see Ex A pg 6*; *see Ex B*

The void judgment is void, due to it being entered with no evidence to support it.*see Ex A pg 6*; *see Thompson*, **362 US 199 (1960) at notes 12 & 13,** *("Thus we find no evidence whatsoever in the record to support these convictions. Just as "conviction upon a charge not made would be a sheer denial of due process, n 12, so is it a violation of due process to convict and punish a man without evidence of his guilt. N13")*

### The inapplicability of the Rooker-Feldman Doctrine:

In Rooker, the Supreme Court held that where the state "court had jurisdiction of both the subject matter and the parties; that a full hearing was had therein; that the judgment was responsive to the issues, and that it was affirmed by the Supreme Court of the State on an appeal ... no court of the United States other than this [the Supreme] Court could entertain a proceeding to reverse or modify the judgment for errors of that character." Rooker, 263 U.S. at 415-16, 44 S.Ct. 149. Sixty years later, the Court held that the district courts lacked jurisdiction to consider allegations which "are inextricably intertwined" with a state court's final judgment. Feldman, 460 U.S. at 486-87, 103 S.Ct. In this circumstance, the state court decision is not entitled to preclusive effect under Rooker-Feldman because the state court decision is void ab initio. See In re James, 940 F.2d 46, 52 (3d Cir.1991) (citing Kalb, 308 U.S. at 438-40, 60 S.Ct. 343) ("There

- 4 -

appears to be only one exception to this hard and fast rule of federal-state comity
[Rooker-Feldman ], and it comes into play only when the state proceedings are
considered a legal nullity and thus void ab initio."); see also In re Audre, Inc., 216 B.R.
19, 29 (9th Cir. BAP 1997)

### *Fraud & Corruption Exception to the Rooker-Feldman Doctrine:*

**In Anderson, 2014 U.S. App. LEXIS 2777 (7th Cir.2014) the 7th Circuit held:**
*Rooker-Feldman* **does not bar claims alleging that the defendants "so far succeeded**
**in corrupting the state judicial process as to obtain a favorable judgment."** *Loubser*
*Thacker*, 440 F.3d 439, 441-42 (7th Cir. 2006) (citing *Nesses v. Shepard*, 68 F.3d 1003,
1005 (7th Cir. 1995)). Based on his allegations that fraud and corruption produced the
circuit court's judgment, Anderson invokes this exception.

Plf, is actually innocent as held in  Bousley, 523 US 614 (1998) "Bousley" this Court
held that actual innocence is factual innocence, meaning a person can not be actually
innocence, if the facts of their case are contrary to their assertion of actual innocence.
Specifically this Court stated in Bousely: "To establish actual innocence,  petitioner
must demonstrate that " 'in light of all the evidence,'" "it is more likely than not that no
reasonable juror would have convicted him." citing Schlup,513 US 298, 372-328 (1995)

Plf, due to the aforestated facts and governing authorities, is entitled to vacation and
expungement of void judgment. Plf, request for the Court to order the Def., to vacate
and expunge void judgments.

## IV. Conclusion

**Relief Requested:** For the reasons stated above, this Court should grant the ex parte

petition/application, Article 3, Rule 60, 42 U.S.C :1983 by vacating the void judgment.

Respectfully Requested and Submitted,

/s/ *__William T. Sherrod Jr__*
   Mr. William T. Sherrod Jr
   9047 16th Ave-102
   Kenosha, WI 53143
   yahsprince100@gmail.com
   224.302.2346

- 6 -

U.S. District Court

Northern District of Illinois

Eastern Division

William T. Sherrod Jr

            Plaintiff

      V

Dorothy Brown,

            Defendant

Case No.

Judge:

Magistrate:

Date Drafted: **_10.26.17_**

Date Sent: **_10.26.17_**

# **Exhibit A**

Respectfully Submitted,

/s/ _____

   Mr. William T. Sherrod Jr

   9047 16th Ave-102

   Kenosha, WI 53143

   224.302.2346

   yahsprince100@gmail.com

Exhibit A

1    STATE OF ILLINOIS  )
                     ) SS:
2    COUNTY OF C O O K  )

3

4        IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
          COUNTY DEPARTMENT - CRIMINAL DIVISION

5

6    THE PEOPLE OF THE        )
    STATE OF ILLINOIS      )

7          vs               ) Case No. 06 CR 19582-01
                        )

8    WILLIAM SHERROD       )

9

10         REPORT OF PROCEEDINGS had at the hearing in the
    above-entitled cause, before the Honorable Lon William
11   Shultz, Judge of said court, on the 5th day of June, A.D.
    2007.

12

13   APPEARANCES:

14       HONORABLE RICHARD A. DEVINE
       STATE'S ATTORNEY OF COOK COUNTY
15      BY:  MS. PHYLLIS PORCELLI
          Assistant State's Attorney
16         appeared on behalf of the People

17      MR. GLEN JAZWIEC
       appeared on behalf of the Defendant

18

19

20

21

22

23   Susan M. Sychta, CSR, CP, CM
    Official Court Reporter
24   Circuit Court of Cook County
    Criminal Division

COPY

1    THE COURT: All right. Mr. Sherrod is before the

2    court in custody, represented by private counsel. This

3    matter was subject to a 402 conference on May 24th, at the

4    defendant's request.

5    Counsel, what is your pleasure at this

6    time?

7    MR. JAZWIEC: Your Honor, at this time we are, with

8    the court's acceptance, we would be entering a negotiated

9    plea for the court's acceptance.

10   THE COURT: State, would you spread of record what

11   the recommendation is?

12   MS. PORCELLI: Yes. On docket 06 CR 19581, the state

13   tendered an offer on count 1, which is a class 1, criminal

14   sexual assault. The offer was for five and a half years

15   Illinois Department of Corrections.

16   Under docket No. 06 CR 19582, the state

17   has tendered an offer on count 5, which is a class 2,

18   aggravated criminal sexual abuse. The offer was also for

19   five and a half years, Illinois Department of Corrections.

20   Those sentences are to run concurrent. It was our

21   agreement, Judge.

22   THE COURT: And that's your understanding of the

23   recommendation?

24   MR. JAZWIEC: It is, your Honor.

O-2

1    THE COURT: And your client wishes to accept that?

2    MR. JAZWIEC: Yes, your Honor.

3    THE COURT: All right. Mr. Sherrod, you have two

4    cases before me. 06 CR 19581, a multiple-count

5    indictment, that in count 1 states on or about January 23,

6    2006 and continuing through May 27 of 2006, you committed

7    criminal sexual assault in that you committed an act of

8    sexual penetration upon Brittany Conner, to wit, contact

9    between your penis and her vagina, and she was at least 13

10   years of age but under 18 years of age when the act was

11   committed, and you were 17 years of age or older and held

12   a position of trust, authority or supervision in relation

13   to her, to wit, pastor, contrary to Illinois law.

14              That charge is a class 1 felony. That

15   means upon conviction, you would not be eligible for

16   probation, you could receive a penitentiary sentence of

17   not less than four nor more than 15 years. If sent to the

18   Department of Corrections, upon release you would have to

19   serve a period of mandatory supervised release for a

20   period of two years.

21              And your second case, 06 CR 19582, that

22   also is a multiple-count indictment that states in count

23   5, on or about June 1st of 2006 and continuing through

24   June 24, 2006, you committed aggravated criminal sexual

O-3

```
 1          abuse in that you, being 17 years of age or older,

 2          committed an act of sexual conduct with Sheila Pondexter,

 3          to wit, your hand touched her breast for the purpose of

 4          sexual gratification or the arousal of you or her, and she

 5          was at least 13 years of age but under 18 years of age

 6          when the act was committed, and you held a position of

 7          trust, authority or supervision in relation to her, to

 8          wit, a pastor, contrary to Illinois law.

 9                      That is a class 2 felony and that means

10          upon conviction, you could receive probation or a

11          penitentiary sentence of not less than three nor more than

12          seven years.

13                      If sent to the Department of

14          Corrections, upon release you would have to serve a period

15          of mandatory supervised release for a period of two years.

16                      You understand what you are charged with

17          in each of these counts as well as the possible penalties?

18          THE DEFENDANT:  Yes.

19          THE COURT:  And is it your wish to plead guilty to

20          these charges?

21          THE DEFENDANT:  Yes.

22          THE COURT:  By pleading guilty, you give up and waive

23          certain of your constitutional rights, your foremost of

24          which is your right to a jury trial.
```

1              Do you know what a jury trial is?

2      THE DEFENDANT: Yes.

3      THE COURT: Is that your signature on this document

4   entitled "Jury Waiver" that your lawyer handed me?

5      THE DEFENDANT: Yes.

6      THE COURT: You understand by signing that document,

7   you're giving up and waiving your right to a trial by jury

8   as to each case, and by pleading guilty, there will be no

9   trial?

10      THE DEFENDANT: Yes.

11      THE COURT: I will accept each of the jury waivers

12   and spread them of record.

13             In addition, by pleading guilty you give

14   up and waive other constitutional rights that you have as

15   well. The state's attorney will not be calling or

16   presenting any witnesses to testify against you here in

17   open court to establish your guilt beyond a reasonable

18   doubt. You will not be able to see or confront the

19   witnesses as they would be testifying against you. Your

20   lawyer you will not have an opportunity of presenting any

21   evidence in your behalf.

22         Do you understand that?

23      THE DEFENDANT: Yes.

24      THE COURT: Are you pleading guilty to each of these

1       charges of your own free will?

2           THE DEFENDANT: Yes.

3           THE COURT: Has anyone promised you anything other

4       than a sentence of five and a half years in the Department

5       of Corrections to cause you to plead guilty?

6           THE DEFENDANT: No.

7           THE COURT: Has anyone threatened you in any way to

8       cause you to plead guilty?

9           THE DEFENDANT: No.

10          THE COURT: Both sides stipulate and agree there is a

11      sufficient factual basis to support each charge?

12          MR. JAZWIEC: So stipulated.

13          MS. PORCELLI: So stipulated, your Honor.

14          THE COURT: Again, the matters were conferenced on

15      May 24th where the court did learn of the factual basis

16      and the defendant's criminal history.

17                  I will accept your plea of guilty, find

18      you guilty, and enter judgement on each of the charges.

19                  I find you were advised of your rights,

20      you understand them, the nature of the charges, the

21      possible penalties, your plea is voluntary, and that there

22      is a factual basis sufficient to support each plea.

23                  State, do you have anything further in

24      aggravation you wish to present?

1        MS. PORCELLI: No, Judge.

2        THE COURT: Counsel, anything further in mitigation?

3        MR. JAZWIEC: No, your Honor.

4        THE COURT: Do you know his time credit?

5        MR. JAZWIEC: Yes, your Honor. I will provide that

6     to the court.

7        THE COURT: When you give it to me, I'll make sure it

8     gets on the mittimus.

9                Do you wish to make any statement before

10    I impose sentence?

11.       THE DEFENDANT: No.

12·       THE COURT: Then I will sentence you concurrent on

13.   each case to five and a half years in the Department of

14    Corrections, giving you credit for all the time you've

15    already spent in custody awaiting disposition of these

16.   matters.

17                I would further advise you that even

18    though you have pled guilty and judgment of conviction and

19    sentence have been imposed upon you, you do have a right

20    to appeal the judgment of conviction as well as the

21    sentences imposed.

22                If you choose to do so, you must first

23    file in this courtroom within 30 days of today's date a

24    written motion asking me to vacate the judgment and for

1    leave to withdraw, that is, to take back your pleas of

2    guilty. That written motion must set forth all of the

3    legal grounds and reasons as to why you believe I should

4    do so.

5               If that motion were to be allowed, the

6    plea of guilty, sentence and judgment entered here today

7    would be vacated and a trial date would be set on the

8    charge to which you plead guilty, and upon request of the

9    prosecution, all of the charges that were dismissed as

10    part of this plea agreement would be reinstated. They

11    would also be set for trial.

12               If that motion were to be denied and

13    you still wish to appeal, you would then have to, within

14    30 days from the date of that denial, file with the clerk

15    of the circuit court a notice of appeal.

16               If you would like to do that and you're

17    without funds of your own, I would provide you at no cost

18    a transcript of today's proceedings and appoint a lawyer

19    who would help you prepare and file the necessary

20    documents.

21               If you do file an appeal from the

22    judgment on the plea of guilty, any issue or claim of

23    error that you might have that is not raised in that

24    written motion to vacate the judgment and to withdraw your

1     plea of guilty shall be deemed waived and given up

2     forever.

3          You understand that?

4     THE DEFENDANT:  Yes.

5     THE COURT:  Mittimus to issue.  Good luck to you.

6     MR. JAZWIEC:  Thank you, your Honor

7

8          (WHICH were all the proceedings

9          had in the hearing of the above-

10         entitled cause.)

11

12               * * * *

13

14

15

16

17

18

19

20

21

22

23

24

1      STATE OF ILLINOIS )
                           ) SS:

2      COUNTY OF C O O K )

3

4              I, Susan M. Sychta, do hereby certify that I

5      am a Certified Shorthand Reporter doing business in the

6      City of Chicago; that I reported in shorthand the

7      proceedings at the hearing in the above-entitled cause;

8      that I further reduced said shorthand to typewriting, and

9      that this transcript is a true and accurate record of my

10     shorthand notes so taken at said hearing before Judge Lon

11     William Shultz, Judge of said court, on the 5th day of

12     June, A.D. 2007, and contains all of the evidence had and

13     testimony taken on said date.

14

15

16

17

18

19         ------------------------------

20            Certified Shorthand Reporter

21             CSR License No. 084-001178

22

23

24

U.S. District Court

Northern District of Illinois

Eastern Division

William T. Sherrod Jr                          Case No.
           Plaintiff                    Judge:

Magistrate:

      V                                   Date Drafted: _**10.26.17**_

                                           Date Sent: _**10.26.2017**_

Dorothy Brown,
           Defendant

# **<u>Exhibit B</u>**

Respectfully Submitted,

/s/ **<u>William T. Sherrod Jr</u>**

Mr. William T. Sherrod Jr

9047 16th Ave-102

Kenosha, WI 53143

224.302.2346

yahsprince100@gmail.com

Exhibit B

IN THE CIRCUIT COURT OF COOK COUNTY

| PEOPLE OF THE STATE OF ILLINOIS | ) | CASE NUMBER | 06CR1958101 |
|---|---|---|---|
| V. | ) | DATE OF BIRTH | 06/05/78 |
| WILLIAM SHERROD | ) | DATE OF ARREST | 08/08/06 |
| Defendant | ) | IR NUMBER 1180514 | SID NUMBER 038318770 |

ORDER OF COMMITMENT AND SENTENCE TO
ILLINOIS DEPARTMENT OF CORRECTIONS
==================================

The above named defendant having been adjudged guilty of the offense(s) enumerated below is hereby sentenced to the Illinois Department of Corrections as follows:

| Count | Statutory Citation | Offense | Sentence | | Class |
|---|---|---|---|---|---|
| 001 | 720-5/12-13(a)(4) | CRIM SEX ASLT/VICTIM 13-17 | YRS.005 | MOS.06 | 1 |

and said sentence shall run concurrent with count(s) ___ ___ ___

and said sentence shall run (concurrent with)(consecutive to) the sentence imposed on: ___    YRS.___ MOS.___

and said sentence shall run (concurrent with)(consecutive to) the sentence imposed on: ___    YRS.___ MOS.___

and said sentence shall run (concurrent with)(consecutive to) the sentence imposed on: ___    YRS.___ MOS.___

and said sentence shall run (concurrent with)(consecutive to) the sentence imposed on: ___    YRS.___ MOS.___

On Count ___ defendant having been convicted of a class ___ offense is sentenced as a class x offender pursuant TO 730 ILCS 5/5-5-3(C)(8).

On Count ___ defendant is sentenced to an extended term pursuant to 730 ILCS 5/5-8-2.

The Court finds that the defendant is entitled to receive credit for time actually served in custody for a total credit of 0301 days as of the date of this order

IT IS FURTHER ORDERED that the above sentence(s) be concurrent with the sentence imposed in case number(s) 06CR1958201 AND: consecutive to the sentence imposed under case number

IT IS FURTHER ORDERED THAT _____

ENTERED
JUDGE LON SHULTZ-1645
JUN 05 2007
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
DEPUTY CLERK OF COOK COUNTY COURT

IT IS FURTHER ORDERED that the Clerk provide the Sheriff with a certified copy of this Order and that the Sheriff take the defendant into custody and deliver him/her to the Illinois Department of Corrections and that the Department take him/her into custody and confine him/her in a manner provided by law until the above sentence is fulfilled.

DATED _____ JUNE 05, 2007 _____     ENTER: 06/05/07

CERTIFIED BY _____

DEPUTY CLERK      JUDGE: SHULTZ, LON M.     1645

WAPS 06/05/07 10:10:35         CCG N305

IN THE CIRCUIT COURT OF COOK COUNTY

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS | ) | CASE NUMBER 06CR1958201 |
| V. | ) | DATE OF BIRTH 06/05/78 |
| WILLIAMS   SHERROD | ) | DATE OF ARREST 08/08/06 |
| Defendant | | IR NUMBER 1180514   SID NUMBER 038318770 |

## ORDER OF COMMITMENT AND SENTENCE TO
## ILLINOIS DEPARTMENT OF CORRECTIONS

The above named defendant having been adjudged guilty of the offense(s) enumerated below is hereby sentenced to the Illinois Department of Corrections as follows:

| Count | Statutory Citation | Offense | Sentence | Class |
|---|---|---|---|---|
| 005 | 720-5/12-16(f) | AGG CRIM SEX AB/VIC 13-18/TRST | YRS. 005   MOS 06 | 2 |

and said sentence shall run concurrent with count(s) ___ ___ ___ ___

_____  _____   YRS. ___ MOS. ___ ___
and said sentence shall run (concurrent with)(consecutive to) the sentence imposed on:

_____  _____   YRS. ___ MOS. ___ ___
and said sentence shall run (concurrent with)(consecutive to) the sentence imposed on:

_____  _____   YRS. ___ MOS. ___ ___
and said sentence shall run (concurrent with)(consecutive to) the sentence imposed on:

_____  _____   YRS. ___ MOS. ___ ___
and said sentence shall run (concurrent with)(consecutive to) the sentence imposed on:

On Count ___ defendant having been convicted of a class ___ offense is sentenced as a class x offender pursuant TO 730 ILCS 5/5-5-3(C)(8).

On Count ___ defendant is sentenced to an extended term pursuant to 730 ILCS 5/5-8-2.

The Court finds that the defendant is entitled to receive credit for time actually served in custody for a total credit of O301 days as of the date of this order

IT IS FURTHER ORDERED that the above sentence(s) be concurrent with the sentence imposed in case number(s) O6CR1958101
AND: consecutive to the sentence imposed under case number(s) ___

IT IS FURTHER ORDERED THAT ___

ENTERED
JUDGE LON SHULTZ-1645
JUN 0 5 2007
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY
DEPUTY CLERK

IT IS FURTHER ORDERED that the Clerk provide the Sheriff of the County with a copy of this Order and that the Sheriff take the defendant into custody and deliver him/her to the Department of Corrections and that the Department take him/her into custody and confine him/her in a manner provided by law until the above sentence is fulfilled.

DATED ____ JUNE 05, 2007

ENTER: 06/05/07

CERTIFIED BY _____
DEPUTY CLERK

JUDGE: SHULTZ, LON-W   1645

WAP6 06/05/07 10:32:35

CCG N305